## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES MADISON,** | (Civ. No. 15-3566) (WJM) |
| **Petitioner,** | (Crim. No. 13-0138) (WJM) |
| v. | Hon. William J. Martini |
| **UNITED STATES OF AMERICA,** | **OPINION** |
| **Respondent.** | |

This matter comes before the Court on *pro se* Petitioner Charles Madison's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Madison alleges that his attorney provided ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. There was no oral argument. For the reasons stated below, Madison's § 2255 motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## I.    BACKGROUND

### A.  The Underlying Crime

On August 6, 2012, Madison, Antonio Moore, and David Williams participated in an armed robbery of a jewelry store in Orange, New Jersey. D.N.J. Dkt. 13-cr-138 ("Crim. Dkt.") 1 (Comp.), 3. Madison provided the getaway car and firearms, and Moore and Williams robbed the employees at gunpoint. *Id*. A broadcast went out on the New Jersey statewide police emergency network to be on the lookout for Madison's vehicle (a white Ford pickup truck with Pennsylvania license plates carrying two or more black males). Crim. Dkt. 35 (Gov't Br.), 3. Two New Jersey State troopers spotted a truck matching that description moving at a high speed and, after observing the truck running a red light, conducted a traffic stop of the vehicle. *Id*. During the stop, the three men were removed from the car and handcuffed. *Id*. As the men exited the car, the troopers saw hundreds of pieces of jewelry scattered across the floor of the car. *Id*. One trooper noticed that that the spare tire was hanging low, looked underneath the tire, and observed two firearms. *Id*. The vehicle was then towed to

the police department, where victims of the robbery later identified the weapons as resembling the ones used during the crime. *Id.* at 3-4.

## B. Relevant Criminal Proceedings

In April 2013, Madison pleaded guilty to a two-count Superseding Information charging him with committing a Hobbs Act robbery and being a felon-in-possession of a firearm, in violation of 28 U.S.C. § 922(g)(1). Crim. Dkt. 57 (Plea Tr.). Under the terms of the plea agreement, Madison agreed to waive his right to file any appeal or collateral attack, including but not limited to any motion under § 2255, if he received a sentence within or below the Guideline range corresponding to a Guideline Offense Level of 30. *Id.* at 12; *see also* Crim. Dkt. 45. During the plea colloquy, the Court ensured that Madison understood the terms of his plea, the charges against him, and the possible sentence. *Id.* at 2-13. Madison also answered a series of questions posed by the Government which established the factual basis for his plea, and confirmed his satisfaction with his counsel's representation. *Id.* at 13-16. The Court found Madison's plea to be knowing and voluntary. *Id.* at 17.

At sentencing, the Court granted Madison a downward variance to Level 26, and sentenced him to 150 months' imprisonment, triggering the appeal waiver in his plea agreement. Crim. Dkt. 54 (S. Tr.) at 14-15. Madison nonetheless filed a *pro se* direct appeal. Crim. Dkt. 50. In February 2014, the Third Circuit granted the Government's motion to enforce Madison's appeal waiver, and dismissed the appeal. Crim. Dkt. 56.

## C. The Instant Action

Madison has now filed the instant *pro se* § 2255 motion, raising several claims of ineffective assistance of counsel. Specifically, he alleges that his trial attorney: (1) failed to challenge the constitutionality of the motor vehicle stop that led to Madison's arrest; (2) falsely advised Madison that his co-defendant Antonio Moore was cooperating with the Government, which led Madison to plead guilty instead of going to trial; and (3) failed to provide Madison with the "factual basis questions" for his guilty plea until shortly before the Rule 11 hearing. Madison also generally alleges that his guilty plea was not knowing and voluntary.

## II.    DISCUSSION[1]

### A.  Standard of Review Under § 2255

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  While a court may convene a hearing regarding a Section 2255 motion, a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Padilla–Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992).

### B.  Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, Madison must satisfy the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his attorney's representation was not "within the range of competence demanded of attorneys in criminal cases."  *Id.*  Second, he must show "prejudice."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Strickland*, 466 U.S. at 687. Madison's ineffective assistance claims do not satisfy the *Strickland* test.

<u>First</u>, his attorney's decision to concede the legality of the traffic stop falls was well within the range of actions presumed to be sound trial strategy.  *United States v. Graves*, 613 F. App'x 157, 159 (3d Cir. 2015) ("*Strickland* requires that a defendant 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'") (citing *Strickand*, 466 U.S. at 689).  The record establishes that the state troopers had probable cause to stop Madison's truck because he had committed a traffic violation by running a red light.  *See Whren v. United State*s, 517 U.S. 806, 810 (1996) ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.").   Accordingly, challenging the legality of the traffic stop would have proven to be a futile endeavor and cannot form the basis for an ineffective assistance claim. *United States v. Sanders*, 165

---

[1] The Court notes that Madison's appeal waiver bars any collateral attack on his conviction.  However, because the Third Circuit has exercised its jurisdiction to consider ineffective assistance of counsel claims even when a plea agreement bars such a collateral attack, *see e.g., United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007), and an adjudication on the merits is always preferable, the Court will consider the merits of Madison's claims.

F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

Second, even assuming that Madison's counsel falsely informed him that his co-defendant Moore was cooperating with the Government and would testify against him at trial, Madison cannot show prejudice resulting from this advice. The Government intended to call as a cooperating witness Madison's other co-conspirator, David Williams—a fact that was disclosed during the suppression hearing—and William's testimony regarding Madison's involvement in the crime would have been equally as strong as Moore's testimony. Crim. Dkt. 58 (Tr.) at 38. Madison suggests that Moore could have testified on his behalf at trial, but when the "supposedly exculpatory testimony consist[s] of nothing more than the co-conspirator's statement that [Petitioner] had no involvement" in the crime, and there is otherwise "overwhelming evidence" of the Petitioner's guilt, as is the case here, prejudice cannot be found. *United States v. Schake*, 57 F. App'x 523, 526 (3d Cir. 2003).

Third, Madison alleges that his counsel was ineffective because he did not review the "factual basis questions" with Madison for his Rule 11 hearing until the day of the hearing and, more generally, that his guilty plea was not knowing and voluntary because of his counsel's failure to review these questions in advance. The circumstances in which Madison's plea was entered, and Madison's own sworn statements at the time, belie these claims. During the Rule 11 hearing, the Court described the nature and basis of the charges to which Madison was pleading guilty and the waiver of certain constitutional rights. The Court discussed the appellate rights waiver of the plea agreement and detailed the limited circumstances in which those rights would be preserved. After each issue was addressed, Madison confirmed that he understood the ramifications of his plea. Madison answered a series of questions by the Government establishing the factual basis for his plea and did not indicate any lack of understanding with respect to these questions. Madison also testified that he was satisfied with his attorney's services. His conclusory claims to the contrary cannot stand in the face of these sworn statements. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also United States v. Dickler*, 64 F.3d 818, 823 n. 7 (3d Cir. 1995) ("Sworn statements in a plea proceeding are conclusive unless the movant can demonstrate compelling reasons for questioning their truth").

### C. Certificate of Appealability

No certificate of appealability will issue because Madison has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(B).[2]

## III. CONCLUSION

For the above reasons, Petitioner's 28 U.S.C. § 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: April 28, 2016

---

[2] No hearing is required in this case because "the files and records of the case conclusively show that the prisoner is entitled to no relief." *Padilla-Castro*, 426 Fed. App'x at 63.