UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES MADISON,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | (Civ. No. 15-3566) (WJM)<br>(Crim. No. 13-0138) (WJM)<br><br>Hon. William J. Martini<br><br>**OPINION** |

This matter comes before the Court on *pro se* Petitioner Charles Madison's motion for reconsideration (styled as a "motion to reopen judgment") of this Court's April 2016 Opinion and Order denying his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. For the reasons stated below, Madison's motion for reconsideration is **DENIED**.

## I.   BACKGROUND

The Court writes for the benefit of the parties, and assumes familiarity with the underlying facts and the Court's April 2016 Opinion.[1] Madison's pending motion for reconsideration is not a model of clarity; however, the Court has endeavored to liberally construe and address each of Madison's arguments. First, Madison argues that, because he did not timely receive notice of this Court's ruling on his § 2255 petition, he is entitled to "relief from that judgment." Second, Madison claims that the Court erred by only addressing his claim that his counsel was ineffective in failing to challenge the legality of the traffic stop. Madison maintains that the Court should have also addressed counsel's failure to challenge the legality of the subsequent search of his vehicle, because this "formed the basis" for his unlawful stop claim. Third, Madison claims that the Court erred in stating that Madison's vehicle matched the description of a vehicle recently used during a robbery.

---

[1] *See Madison v. United States*, No. 13-0138, 2016 WL 1732399 (D.N.J. Apr. 30, 2016).

1

## II. LEGAL STANDARD

In a habeas corpus proceeding, a district court has jurisdiction over a Rule 60(b) motion so long as the motion "attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." *See Pridgen v. Shannon*, 380 F.3d 721, 725-27 (3d Cir. 2004). Rule 60(b) allows a habeas petitioner to seek relief from a final judgment and request reopening of his case under a limited set of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Audberto Egipciaco v. Charles Warren, et al.*, No. CV 12-4718, 2016 WL 4071948, at *3 (D.N.J. July 28, 2016) (internal citations omitted). The grant or denial of a Rule 60(b) motion "is an equitable matter left, in the first instance, to the discretion of a district court." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014).

## III. DISCUSSION

As a preliminary matter, the Court holds that it has jurisdiction to adjudicate the merits of Madison's Rule 60(b) motion: Madison identifies specific "errors of facts and law" that he believes the Court committed in reaching its prior decision. *See Pridgen*, 380 F.3d 721 at 725-27 (explaining that when a Rule 60(b) motion attacks the district court's disposition of a habeas petition, the district court may adjudicate the motion on the merits). Petitioner's motion for reconsideration – filed less than three months after judgment was entered – is also timely under Rule 60(c). *See* Fed. R. Civ. P. 60(c) (stating that a Rule 60(b) motion must be made within a "reasonable time" and, for certain claims, no more than a year after the entry of the judgment). However, for the below reasons, reconsideration is not warranted.

First, "relief from judgment" is not justified merely because Madison did not receive prompt notice of the Court's decision. Madison has now received a copy of this decision, and has not shown any manifest injustice resulting from the delayed notice or otherwise demonstrated the existence of "extraordinary circumstances" that support reopening the judgment.[2]

Second, the Court did not err in analyzing Madison's ineffective assistance of counsel claim based on counsel's failure to challenge the legality of the traffic stop. Madison's unlawful search claim was part and parcel of this Court's analysis of the unlawful stop claim. The fact that the search was not directly referenced in

---

[2] To the extent that Madison seeks to reopen the time to file a notice of appeal from this Court's judgment on the grounds that he did not receive notice of this judgment, he must file a motion pursuant to Federal Rule of Appellate Procedure 4(a)(6).

this Court's decision does not mean that it was overlooked. *See Gillon v. Ting*, No. 2:12-cv-07558, 2014 WL 1891371, at *3 (D.N.J. May 9, 2014) ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration.") (internal citation omitted). Moreover – as Madison acknowledged in his habeas petition – his attorney *did* challenge the legality of the search and, after a hearing in which the Court heard oral argument by both parties, the Court upheld the search of the vehicle. Madison may not use a motion for reconsideration to re-litigate this issue. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly.") (internal citations and quotation marks omitted); *Morris v. Siemens Components, Inc*., 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument").

Third, the Court did not err in stating that Madison's vehicle matched the description of a vehicle recently used during a robbery. This point was well established by the record, and the Court has already considered – and rejected – Madison's claim that his attorney failed to obtain the radio transmission recording confirming this fact. In any event, this fact is immaterial because, as the Court previously found, the "state troopers had probable cause to stop Madison's truck because he had committed a traffic violation by running a red light." *See Madison*, 2016 WL 1732399, at *2 (citing *Whren v. United State*s, 517 U.S. 806, 810 (1996).

Lastly, to the extent that Madison's motion can be construed as also requesting relief under Rule 59(e), that request is denied. Madison's motion is untimely as a Rule 59(e) motion, and is therefore properly considered under Rule 60(b). *See Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008) (reconfiguring untimely filed Rule 59 motion as timely filed Rule 60 motion). But even if the motion were deemed timely-filed under Rule 59(e), for the reasons described above, Madison has not shown "manifest injustice" resulting from the Court's decision, as required to warrant relief under Rule 59(e). *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007) (Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.)

## IV. CONCLUSION

For the above reasons, Petitioner's motion for reconsideration is **DENIED**. An appropriate order follows.

                                           /s/ William J. Martini
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 3, 2016**